IN THE CIRCUIT COURT OF THE
ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY,
FLORIDA

CASE No._____

**DENISSE LIMA**, individually;
and other similarly situated individuals,

    Plaintiff,

vs.

**HAPPY FIESTA USA, LLC**
a Florida Profit Limited Liability Company,
d/b/a **HAPPY FIESTA USA**, individually;
**FILIPPO OCCHINO RAGUSA**, individually;
**RITA PAGNANO**, individually;
**HUMBERTO DE ANDRADE CATANHO**, individually;
**CIRO TROMBETTA**, individually;
**HAPPY FIESTA USA CORPORATION,**
a Florida Profit Corporation, individually;
**JOSE NELSON RODRIGUES**, individually;

    Defendant(s).

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

    Plaintiff **DENISSE LIMA,** individually; and other similarly situated individuals, by and through the undersigned counsel, hereby sues Defendants, HAPPY FIESTA USA, LLC, a Florida Profit Limited Liability Company, d/b/a HAPPY FIESTA USA, individually; FILIPPO OCCHINO RAGUSA, individually; RITA PAGNANO, individually; HUMBERTO DE ANDRADE CATANHO, individually; and CIRO TROMBETTA, individually; HAPPY FIESTA USA CORPORATION, a Florida Profit Corporation, individually; and JOSE NELSON RODRIGUES, individually; collectively ("Defendants"), and in support avers as follows:

1.     This is an action by the Plaintiffs for damages exceeding $15,000 excluding attorneys' fees or costs for unpaid wages under the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 ("FLSA").

2. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to the 29 U.S.C. § 216.

3. Plaintiff was at all times relevant to this action, resident of Miami-Dade County Florida, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the FLSA.

4. Defendant, HAPPY FIESTA USA, LLC, a Florida Profit Limited Liability Company, d/b/a HAPPY FIESTA USA, located in Miami-Dade County, Florida where Plaintiff worked for Defendant, and at all times material hereto was and is engaged in interstate commerce.

5. Defendant, FILIPPO OCCHINO RAGUSA, is a corporate officer of, and exercised operational control over the activities of, corporate Defendant, HAPPY FIESTA USA, LLC and HAPPY FIESTA USA CORPORATION

6. Defendant, RITA PAGNANO, is a corporate officer of, and exercised operational control over the activities of, corporate Defendant, HAPPY FIESTA USA, LLC and HAPPY FIESTA USA CORPORATION.

7. Defendant, HUMBERTO DE ANDRADE CATANHO, is a corporate officer of, and exercised operational control over the activities of, corporate Defendant, HAPPY FIESTA USA, LLC

8. Defendant, CIRO TROMBETTA, is a corporate officer of, and exercised operational control over the activities of, corporate Defendant, HAPPY FIESTA USA, LLC

9. Defendant, HAPPY FIESTA USA CORPORATION, a Florida Profit Corporation, located in Miami-Dade County, Florida where Plaintiff worked for Defendant, and at all times material hereto was and is engaged in interstate commerce.

10. Defendant, JOSE NELSON RODRIGUES, is a corporate officer of, and exercised operational control over the activities of, corporate Defendant, HAPPY FIESTA USA CORPORATION.

11. Venue is proper in Miami-Dade County because all of the actions that form the basis of this Complaint occurred within Miami-Dade County and payment was due in Miami-Dade County.

2

12. Declaratory, injunctive, legal and equitable relief sought pursuant to the laws set forth above together with attorneys' fees, costs and damages.

13. All conditions precedent for the filing of this action before this Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

## FACTUAL ALLEGATIONS

14. Plaintiff performed work for Defendants as a non-exempt employee from on or about September 5th, 2015, through on or about April 22, 2016.

15. Defendants hired Plaintiff as Customer Service.

16. Plaintiff did not receive payment for all hours worked.

17. At all times relevant herein, Defendants had or should have had full knowledge of all hours worked by Named Plaintiff and Collective Plaintiffs, including those hours worked in excess of forty (40) in a given work week.

## COUNT I
### Wage & Hour Federal Statutory Violation against
### HAPPY FIESTA USA, LLC
### d/b/a HAPPY FIESTA USA

18. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 17 of this complaint as if set out in full herein.

19. This action is brought by Plaintiffs to recover from Defendant unpaid wages compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq*.

20. Jurisdiction is conferred on this Court by Title 29 U.S.C. § 216(b).

21. At all times pertinent to this Complaint, corporate Defendant operated as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of other

3

states, and the corporate Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

22. Upon information and belief, at all times material hereto, corporate Defendant's annual gross revenue exceeded $500,000 per annum on its own, or as part of a joint enterprise with the other corporate Defendants named herein, or which are as of yet unknown but will be revealed through further discovery. To the extent that corporate Defendant operated as part of a joint enterprise, it did so with corporate entities that performed related activities, under the common control of the individual Defendants, and for common business purposes related to the work performed by Plaintiffs for Defendant.

23. By reason of the foregoing, the Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3(r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s). Defendant's business activities involve those to which the Fair Labor Standards Act applies. The Plaintiff's work for the Defendant likewise affects interstate commerce.

24. Plaintiff seeks to recover for unpaid wages accumulated from the date of hire and/or from three (3) years from the date of the filing of this complaint.

25. Defendant knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of wages as required by the Fair Labor Standards Act and remain owing Plaintiff these unpaid wages since the commencement of Plaintiff's employment with Defendant as set forth above. As such, Plaintiff is entitled to recover double damages.

26. To the extent that Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum

4

wage payments, the statute of limitations for Plaintiff's FLSA claims is equitably tolled. *See, e.g., Cruz v. Maypa*, 773 F.3d 138, 147 (4th Cir. 2014) (extending failure-to-post tolling in the ADEA context to the FLSA); *Yu G. Ke v. Saigon Grill, Inc.*, 595 F. Supp. 2d 240, 259 (S.D.N.Y. 2008) ("[F]ailure to provide required notice of the governing legal requirements may be a sufficient basis for tolling."); *Kamens v. Summit Stainless, Inc.*, 586 F. Supp. 324, 328 (E.D. Pa. 1984) ("An employer's failure to post a statutorily required notice of this type tolls the running of any period of limitations.").

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Award Plaintiff actual damages in the amount shown to be due for unpaid wage compensation for all hours worked, with interest;

C. Award Plaintiff an equal amount in double damages/liquidated damages;

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT II
### Wage & Hour Federal Statutory Violation against
### FILIPPO OCCHINO RAGUSA

27. Plaintiffs re-adopts each and every factual allegation as stated in paragraphs 1 through 17 of this complaint as if set out in full herein.

28. At the times mentioned, Defendant was, and is now, a corporate officer of corporate Defendants, HAPPY FIESTA USA, LLC and HAPPY FIESTA USA CORPORATION.

29. Defendant was an employer of Plaintiffs within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that this individual Defendant acted directly in the

5

interests of Defendant employer in relation to the employees of Defendant employer, including Plaintiff.

30. Defendant had operational control of the business and is thus jointly liable for Plaintiff's damages.

31. Defendant willfully and intentionally refused to properly pay Plaintiff's wages as required by the law of the United States as set forth above and remains owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendant as set forth above.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Award Plaintiff actual damages in the amount shown to be due for unpaid wages for all hours worked, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT III
### Wage & Hour Federal Statutory Violation against
### RITA PAGNANO

32. Plaintiffs re-adopts each and every factual allegation as stated in paragraphs 1 through 17 of this complaint as if set out in full herein.

33. At the times mentioned, Defendant was, and is now, a corporate officer of corporate Defendants, HAPPY FIESTA USA, LLC and HAPPY FIESTA USA CORPORATION.

34. Defendant was an employer of Plaintiffs within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that this individual Defendant acted directly in the

6

interests of Defendant employer in relation to the employees of Defendant employer, including Plaintiff.

35. Defendant had operational control of the business and is thus jointly liable for Plaintiff's damages.

36. Defendant willfully and intentionally refused to properly pay Plaintiff's wages as required by the law of the United States as set forth above and remains owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendant as set forth above.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

   A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

   B. Award Plaintiff actual damages in the amount shown to be due for unpaid wages for all hours worked, with interest; and

   C. Award Plaintiff an equal amount in double damages/liquidated damages; and

   D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

   E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT IV
### Wage & Hour Federal Statutory Violation against
### HUMBERTO DE ANDRADE CATANHO

37. Plaintiffs re-adopts each and every factual allegation as stated in paragraphs 1 through 17 of this complaint as if set out in full herein.

38. At the times mentioned, Defendant was, and is now, a corporate officer of corporate Defendants, HAPPY FIESTA USA, LLC.

39. Defendant was an employer of Plaintiffs within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that this individual Defendant acted directly in the

7

interests of Defendant employer in relation to the employees of Defendant employer, including Plaintiff.

40. Defendant had operational control of the business and is thus jointly liable for Plaintiff's damages.

41. Defendant willfully and intentionally refused to properly pay Plaintiff's wages as required by the law of the United States as set forth above and remains owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendant as set forth above.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

  A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

  B. Award Plaintiff actual damages in the amount shown to be due for unpaid wages for all hours worked, with interest; and

  C. Award Plaintiff an equal amount in double damages/liquidated damages; and

  D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

  E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT V
### Wage & Hour Federal Statutory Violation against
### CIRO TROMBETTA

42. Plaintiffs re-adopts each and every factual allegation as stated in paragraphs 1 through 17 of this complaint as if set out in full herein.

43. At the times mentioned, Defendant was, and is now, a corporate officer of corporate Defendants, HAPPY FIESTA USA, LLC.

44. Defendant was an employer of Plaintiffs within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that this individual Defendant acted directly in the

8

interests of Defendant employer in relation to the employees of Defendant employer, including Plaintiff.

45. Defendant had operational control of the business and is thus jointly liable for Plaintiff's damages.

46. Defendant willfully and intentionally refused to properly pay Plaintiff's wages as required by the law of the United States as set forth above and remains owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendant as set forth above.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Award Plaintiff actual damages in the amount shown to be due for unpaid wages for all hours worked, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT VI
### *Wage & Hour Federal Statutory Violation against*
### *HAPPY FIESTA USA CORPORATION*

47. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 17 of this complaint as if set out in full herein.

48. This action is brought by Plaintiffs to recover from Defendant unpaid wages compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq*.

49. Jurisdiction is conferred on this Court by Title 29 U.S.C. § 216(b).

50. At all times pertinent to this Complaint, corporate Defendant operated as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of other states, and the corporate Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

51. Upon information and belief, at all times material hereto, corporate Defendant's annual gross revenue exceeded $500,000 per annum on its own, or as part of a joint enterprise with the other corporate Defendants named herein, or which are as of yet unknown but will be revealed through further discovery. To the extent that corporate Defendant operated as part of a joint enterprise, it did so with corporate entities that performed related activities, under the common control of the individual Defendants, and for common business purposes related to the work performed by Plaintiffs for Defendant.

52. By reason of the foregoing, the Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3(r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s). Defendant's business activities involve those to which the Fair Labor Standards Act applies. The Plaintiff's work for the Defendant likewise affects interstate commerce.

53. Plaintiff seeks to recover for unpaid wages accumulated from the date of hire and/or from three (3) years from the date of the filing of this complaint.

54. Defendant knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of wages as required by the Fair Labor Standards Act and remain owing Plaintiff

10

these unpaid wages since the commencement of Plaintiff's employment with Defendant as set forth above. As such, Plaintiff is entitled to recover double damages.

55. To the extent that Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments, the statute of limitations for Plaintiff's FLSA claims is equitably tolled. *See, e.g., Cruz v. Maypa*, 773 F.3d 138, 147 (4th Cir. 2014) (extending failure-to-post tolling in the ADEA context to the FLSA); *Yu G. Ke v. Saigon Grill, Inc.*, 595 F. Supp. 2d 240, 259 (S.D.N.Y. 2008) ("[F]ailure to provide required notice of the governing legal requirements may be a sufficient basis for tolling."); *Kamens v. Summit Stainless, Inc.*, 586 F. Supp. 324, 328 (E.D. Pa. 1984) ("An employer's failure to post a statutorily required notice of this type tolls the running of any period of limitations.").

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Award Plaintiff actual damages in the amount shown to be due for unpaid wage compensation for all hours worked, with interest;

C. Award Plaintiff an equal amount in double damages/liquidated damages;

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT VII
### Wage & Hour Federal Statutory Violation against
### JOSE NELSON RODRIGUES

56. Plaintiffs re-adopts each and every factual allegation as stated in paragraphs 1 through 17 of

11

this complaint as if set out in full herein.

57. At the times mentioned, Defendant was, and is now, a corporate officer of corporate Defendants, HAPPY FIESTA USA CORPORATION.

58. Defendant was an employer of Plaintiffs within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that this individual Defendant acted directly in the interests of Defendant employer in relation to the employees of Defendant employer, including Plaintiff.

59. Defendant had operational control of the business and is thus jointly liable for Plaintiff's damages.

60. Defendant willfully and intentionally refused to properly pay Plaintiff's wages as required by the law of the United States as set forth above and remains owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendant as set forth above.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Award Plaintiff actual damages in the amount shown to be due for unpaid wages for all hours worked, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

12

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated: 5/10/16

Respectfully submitted,

*/s/ Anthony M. Georges-Pierre*

Anthony M. Georges-Pierre, Esq.
Florida Bar No. 533637
**REMER & GEORGES-PIERRE, PLLC**
44 West Flagler St., Suite 2200
Miami, FL 33130
Telephone: 305-416-5000
Facsimile: 305-416-5005
agp@rgpattorneys.com
apetisco@rgpattorneys.com
rregueiro@rgpattorneys.com
pn@rgpattorneys.com

13

IN THE CIRCUIT COURT OF THE
ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY,
FLORIDA

CASE No._____

**DENISSE LIMA**, individually;
and other similarly situated individuals,

    Plaintiff,

vs.

**HAPPY FIESTA USA, LLC**
a Florida Profit Limited Liability Company,
d/b/a **HAPPY FIESTA USA**, individually;
**FILIPPO OCCHINO RAGUSA**, individually;
**RITA PAGNANO**, individually;
**HUMBERTO DE ANDRADE CATANHO**, individually;
**CIRO TROMBETTA**, individually;
**HAPPY FIESTA USA CORPORATION**,
a Florida Profit Corporation, individually;
**JOSE NELSON RODRIGUES**, individually;

    Defendant(s).
_____/

## SUMMONS IN A CIVIL CASE

**HAPPY FIESTA USA, LLC**
d/b/a **HAPPY FIESTA USA**

Registered Agent: **PRATS FERNANDEZ & CO PA**
999 Ponce De Leon Blvd, Suite 1110
Coral Gables, FL 33134

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

ANTHONY M. GEORGES-PIERRE, ESQ.
REMER & GEORGES-PIERRE, PLLC.
44 WEST FLAGLER STREET, STE. 2200
MIAMI, FL 33130

an answer to the complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

_____
CLERK                        DATE

_____
(BY) DEPUTY CLERK

IN THE CIRCUIT COURT OF THE
ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY,
FLORIDA

CASE No._____

**DENISSE LIMA**, individually;
and other similarly situated individuals,

    Plaintiff,

vs.

**HAPPY FIESTA USA, LLC**
a Florida Profit Limited Liability Company,
d/b/a **HAPPY FIESTA USA**, individually;
**FILIPPO OCCHINO RAGUSA**, individually;
**RITA PAGNANO**, individually;
**HUMBERTO DE ANDRADE CATANHO**, individually;
**CIRO TROMBETTA**, individually;
**HAPPY FIESTA USA CORPORATION**,
a Florida Profit Corporation, individually;
**JOSE NELSON RODRIGUES**, individually;

    Defendant(s).

_____/

## SUMMONS IN A CIVIL CASE

**FILIPPO OCCHINO RAGUSA**
P.O. Box 14-0970
Coral Gables, FL 33114

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

ANTHONY M. GEORGES-PIERRE, ESQ.
REMER & GEORGES-PIERRE, PLLC.
44 WEST FLAGLER STREET. STE. 2200
MIAMI, FL 33130

an answer to the complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

_____     _____
CLERK                                         DATE

_____
(BY) DEPUTY CLERK

15

IN THE CIRCUIT COURT OF THE
ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY,
FLORIDA

CASE No._____

**DENISSE LIMA**, individually;
and other similarly situated individuals,

      Plaintiff,

vs.

**HAPPY FIESTA USA, LLC**
a Florida Profit Limited Liability Company,
d/b/a **HAPPY FIESTA USA**, individually;
**FILIPPO OCCHINO RAGUSA**, individually;
**RITA PAGNANO**, individually;
**HUMBERTO DE ANDRADE CATANHO**, individually;
**CIRO TROMBETTA**, individually;
**HAPPY FIESTA USA CORPORATION**,
a Florida Profit Corporation, individually;
**JOSE NELSON RODRIGUES**, individually;

      Defendant(s).

_____/

## SUMMONS IN A CIVIL CASE

**RITA PAGNANO**
P.O. Box 14-0970
Coral Gables, FL 33114

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

ANTHONY M. GEORGES-PIERRE, ESQ.
REMER & GEORGES-PIERRE, PLLC.
44 WEST FLAGLER STREET. STE. 2200
MIAMI, FL 33130

an answer to the complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

_____    _____
CLERK                                                        DATE

_____
(BY) DEPUTY CLERK

16

IN THE CIRCUIT COURT OF THE
ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY,
FLORIDA

CASE No._____

**DENISSE LIMA**, individually;
and other similarly situated individuals,

    Plaintiff,

vs.

**HAPPY FIESTA USA, LLC**
a Florida Profit Limited Liability Company,
d/b/a **HAPPY FIESTA USA**, individually;
**FILIPPO OCCHINO RAGUSA**, individually;
**RITA PAGNANO**, individually;
**HUMBERTO DE ANDRADE CATANHO**, individually;
**CIRO TROMBETTA**, individually;
**HAPPY FIESTA USA CORPORATION,**
a Florida Profit Corporation, individually;
**JOSE NELSON RODRIGUES,** individually;

    Defendant(s).

_____/

## SUMMONS IN A CIVIL CASE

**HUMBERTO DE ANDRADE CATANHO**
P.O. Box 14-0970
Coral Gables, FL 33114

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

ANTHONY M. GEORGES-PIERRE, ESQ.
REMER & GEORGES-PIERRE, PLLC.
44 WEST FLAGLER STREET. STE. 2200
MIAMI, FL 33130

an answer to the complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

_____
CLERK                          DATE

_____
(BY) DEPUTY CLERK

17

IN THE CIRCUIT COURT OF THE
ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY,
FLORIDA

CASE No._____

**DENISSE LIMA**, individually;
and other similarly situated individuals,

    Plaintiff,

vs.

**HAPPY FIESTA USA, LLC**
a Florida Profit Limited Liability Company,
d/b/a **HAPPY FIESTA USA**, individually;
**FILIPPO OCCHINO RAGUSA**, individually;
**RITA PAGNANO**, individually;
**HUMBERTO DE ANDRADE CATANHO**, individually;
**CIRO TROMBETTA**, individually;
**HAPPY FIESTA USA CORPORATION**,
a Florida Profit Corporation, individually;
**JOSE NELSON RODRIGUES**, individually;

    Defendant(s).
_____/

## SUMMONS IN A CIVIL CASE

**CIRO TROMBETTA**
P.O. Box 14-0970
Coral Gables, FL 33114

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

ANTHONY M. GEORGES-PIERRE, ESQ.
REMER & GEORGES-PIERRE, PLLC.
44 WEST FLAGLER STREET. STE. 2200
MIAMI, FL 33130

an answer to the complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

_____
CLERK                        DATE

_____
(BY) DEPUTY CLERK

18

IN THE CIRCUIT COURT OF THE
ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY,
FLORIDA

CASE No. _____

**DENISSE LIMA**, individually;
and other similarly situated individuals,

    Plaintiff,

vs.

**HAPPY FIESTA USA, LLC**
a Florida Profit Limited Liability Company,
d/b/a **HAPPY FIESTA USA**, individually;
**FILIPPO OCCHINO RAGUSA**, individually;
**RITA PAGNANO**, individually;
**HUMBERTO DE ANDRADE CATANHO**, individually;
**CIRO TROMBETTA**, individually;
**HAPPY FIESTA USA CORPORATION**,
a Florida Profit Corporation, individually;
**JOSE NELSON RODRIGUES**, individually;

    Defendant(s).

_____/

## SUMMONS IN A CIVIL CASE

### HAPPY FIESTA USA CORPORATION

Registered Agent: **PRATS FERNANDEZ & CO PA**
999 Ponce De Leon Blvd, Suite 1110
Coral Gables, FL 33134

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

ANTHONY M. GEORGES-PIERRE, ESQ.
REMER & GEORGES-PIERRE, PLLC.
44 WEST FLAGLER STREET. STE. 2200
MIAMI, FL 33130

an answer to the complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

_____   _____
CLERK                              DATE

_____
(BY) DEPUTY CLERK

IN THE CIRCUIT COURT OF THE
ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY,
FLORIDA

CASE No._____

**DENISSE LIMA**, individually;
and other similarly situated individuals,

    Plaintiff,

vs.

**HAPPY FIESTA USA, LLC**
a Florida Profit Limited Liability Company,
d/b/a **HAPPY FIESTA USA**, individually;
**FILIPPO OCCHINO RAGUSA**, individually;
**RITA PAGNANO**, individually;
**HUMBERTO DE ANDRADE CATANHO**, individually;
**CIRO TROMBETTA**, individually;
**HAPPY FIESTA USA CORPORATION**,
a Florida Profit Corporation, individually;
**JOSE NELSON RODRIGUES**, individually;

    Defendant(s).

_____/

## SUMMONS IN A CIVIL CASE

**JOSE NELSON RODRIGUEZ**
1450 NW 107 Av
Doral, FL 33172

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

ANTHONY M. GEORGES-PIERRE, ESQ.
REMER & GEORGES-PIERRE, PLLC.
44 WEST FLAGLER STREET. STE. 2200
MIAMI, FL 33130

an answer to the complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

_____
CLERK                 DATE

_____
(BY) DEPUTY CLERK